IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN J., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:00-cv-918-MEF |
| ) | (WO) |
| BOB RILEY, in his official capacity as ) | [DO NOT PUBLISH] |
| Governor of the State of Alabama, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**<u>OPINION AND ORDER</u>**

Plaintiffs—persons with significant disabilities, including physical disabilities and mental retardation—bring this suit pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief to remedy alleged violations of the Medicaid Act by Defendants, various representatives of the state of Alabama in their official capacities. On June 15, 2004, the Court summarily denied the Defendants' Motion to Dismiss—which argued that the relevant provisions of the Medicaid Act were not actionable under § 1983—in light of the Eleventh Circuit's holdings in *Doe v. Chiles*, 136 F.3d 709 (11th Cir. 1998) and *Doe v. Bush*, 261 F.3d 1037 (11th Cir. 2001). The Defendants have now filed a Motion for Judgment on the Pleadings (Doc. #62), essentially renewing the arguments they made in their earlier motion on the basis of the Supreme Court's ruling in *Gonzaga University v. Doe*, 536 U.S. 273 (2002).

In the Court's opinion, *Gonzaga* does not alter the preexisting case law to such an extent that reconsideration of the Court's prior ruling or Eleventh Circuit precedent is

necessary. This position is amply supported by the unanimity among the Courts of Appeal and District Courts that have addressed this question since the issuance of the Supreme Court's opinion in *Gonzaga*.[1] As a result, the Court finds that the Defendants' Motion for Judgment on the Pleadings (Doc. #62) must be DENIED.

In accordance with the Court's ruling, it is further ORDERED that the parties shall file by July 7, 2006 a joint status report under the same conditions as prescribed in the Court's order (Doc. #48) of July 8, 2005.

Done this the 23rd day of June, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Watson v. Weeks*, 436 F.3d 1152, 1158-1162 (9th Cir. 2006) (recognizing that "[n]o circuit court has held that section 1396a(10) does not create a section 1983 right"); *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 602-07 (5th Cir. 2004) (finding that § 1396a contains "precisely the sort of 'rights-creating' language identified in *Gonzaga* as critical to demonstrating a congressional intent to establish a new right"); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180, 193 (3d Cir. 2004) ("The language used by Congress in 42 U.S.C. §§ 1396a(a)(10) . . . and 1396a(a)(8) . . . explicitly creates rights."); *Rabin v. Wilson-Coker*, 362 F.3d 190, 201-02 (2d Cir. 2004) (allowing suit based on violations of the Medicaid Act brought pursuant to § 1983); *Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003) (same); *Bryson v. Shumway*, 308 F.3d 79, 88-89 (1st Cir. 2002) (finding "that there is a § 1983 cause of action arising from the 'reasonable promptness' provision of 42 U.S.C. § 1396a(a)(8) under the state model waiver plan as approved"); *Rosey D. v. Romney*, 410 F. Supp. 2d 18, 33 (D. Mass. 2006) (holding that § 1983 could be used to enforce § 1396a(a)(8) and 1396a(a)(10)); *Westside Mothers v. Olszewski*, 368 F. Supp. 2d 740, 757-62 (E.D. Mich. 2005) (same); *Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty*, 366 F. Supp. 2d 1050 (N.D. Okla. 2005) (same); *Michelle P. ex rel. Deisenroth v. Holsinger*, 356 F. Supp. 2d 763 (E.D. Ky. 2005) (same); *Clark v. Richman*, 339 F. Supp. 2d 631 (M.D. Pa. 2004) (same); *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277, 293-94 (N.D. Ga. 2003) (finding that § 1983 provides a private right of action to enforce § 1396a(a)(10)(A)); *Lewis v. N.M. Dep't of Health*, 275 F. Supp. 2d 1319, 1332-33 (D.N.M. 2003) (holding that § 1983 confers a private right of action to enforce § 1396a(a)(8)); *Mo. Child Care Ass'n v. Martin*, 241 F. Supp. 2d 1032, 1037-42 (W.D. Mo. 2003) (noting that *Gonzaga* did not intend to overrule *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990), which allowed suit brought pursuant to § 1983 to enforce a provision of the Medicaid Act); *Martin v. Taft*, 222 F. Supp. 2d 940, 977-78 (S.D. Ohio 2002) (holding that the "reasonable promptness" requirement of § 1396a(a)(8) was enforceable through § 1983); *Alexander A. ex rel. Barr v. Novello*, 210 F.R.D. 27, 34-35 (E.D.N.Y. 2002) (same).