IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN J., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:00-cv-918-MEF |
| ) | (WO) |
| BOB RILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

In this longstanding action, Plaintiffs seek injunctive and declaratory relief regarding the alleged deprivation of their rights under federal law to services for disabled adults. Plaintiffs, who have already filed two amended complaints, now move pursuant to Federal Rules of Civil Procedure 15 and 20 to amend their complaint to include the claims of six further individual parties as well as several "John Doe" parties. This cause is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint and to Join Additional Plaintiffs (Doc. # 83) filed on April 9, 2007. Defendants oppose this motion. For the reasons set forth below, the Motion is due to be GRANTED IN PART and DENIED IN PART.

One of the six individual parties the Plaintiffs seek to add in their proposed amended complaint is Kelly B., a 33 year old female who suffered from mental retardation, renal disease, kidney failure, digestive disorders, and heart and other circulatory conditions. Kelly B., who brings this action through her mother and next friend, Karen B., died on January 13, 2007. According to the Plaintiffs proposed amended complaint, Kelly B. died of

complications related to her renal disease and was, at the time of her death, on the waiting list to obtain services from the Defendants.  The Defendants contend that Kelly B. is an improper party because her claim for injunctive relief was rendered moot upon her death.  The Court agrees.  *See, e.g.*, *Golthy v. Alabama*, 287 F. Supp. 2d 1259, 1263 (M.D. Ala. 2003 (Albritton, J.).  Furthermore, as to the declaratory relief, even if it could be argued that Kelly B.'s estate had standing to pursue such relief, any proposed joinder would be an act of futility.  A declaratory judgment would establish only what rights Kelly B. *would have had* to disability services in the event she had not passed away.

The defendants further object to the inclusion in the proposed amended complaint of fictitious party plaintiffs, "John Does ## 1-6."  The Federal Rules of Civil Procedure do not provide for fictitious party practice.  *See* Fed. R. Civ. P. 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties ..."); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.)  The Plaintiffs cite a recent case from this district in which it was acknowledged that "[s]ome courts have found that, where the name of a specific person whom the plaintiff wishes to join as a defendant is unknown, the plaintiff may substitute an unnamed defendant until the plaintiff is able to discover the defendant's name." *Lewis v. City of Montgomery*, 2006 WL 1761673 at *2 (M.D. Ala. 2006) (Watkins, J.) (citing *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34 (E.D. Pa. 1990)).  However, what the Plaintiffs omit from *Lewis* is that despite

acknowledging that "some courts" allow fictitious parties, Judge Watkins ultimately dismissed the fictitious defendants. As was the case in *Lewis*, the John Doe plaintiffs are due to be dismissed.

The Plaintiffs motion is due to be granted in part as to the remaining proposed party plaintiffs because they assert a right to relief arising out the same underlying series of transactions and there is common questions of law or fact. Fed R. Civ. P. 20(a). However, nothing in this Order should be construed as a ruling on the merits of the Plaintiffs' claims. Consequently, Defendants are not precluded from raising a challenge to the claims in the Third Amended Complaint in a properly made dispositive motion.

Therefore, it is hereby ORDERED as follows:

(1) The Plaintiff's Motion (Doc. # 83) is DENIED to the extent it seeks to join either Kelly B. or any John Doe party.

(2) The Plaintiffs' Motion (Doc. # 83) is GRANTED in all other respects.

(3) The Plaintiffs' Motion to Strike Defendants' Response to Plaintiffs Motion for Leave to File Third Amended Complaint and to Join Additional Plaintiffs (Doc. # 86) is DENIED.

DONE this the 13th day of July, 2007.

                                                  /s/ Mark E. Fuller
                                            CHIEF UNITED STATES DISTRICT JUDGE