IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN J. *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:00-cv-918-MEF |
| ) | |
| BOB RILEY, in his official capacity as ) | |
| Governor of the State of Alabama *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on Plaintiff's Motion for Class Certification (Doc. # 87). Plaintiffs represent a group of adults with mental retardation who are unable to fully care for themselves and thus require varying degrees of care, treatment, and habilitation. Defendants are Bob Riley, in his official capacity as Governor of the State of Alabama, John M. Houston, in his official capacity as Commissioner of the Department of Mental Health/Mental Retardation for the State of Alabama, and the Alabama Department of Mental Health/Mental Retardation.

Plaintiffs claim that Defendants have violated Plaintiffs' rights under federal law in the following ways:

> (a) failing to provide for the development of appropriate residential placement (hereinafter "RPs") and/or day habilitation (hereinafter "DH") and/or other services, and thereby depriving these plaintiffs of those services to which they are entitled; (b) failing to assure that plaintiffs can apply for and receive RP and/or DH and/or other services with reasonable promptness; (c) failing to assure that RP

1

and/or DH and/or other services are made available to eligible individuals, such as plaintiffs, in the same amount, duration and scope as they are provided to other similarly situated Medicaid assistance recipients in the State of Alabama; and (d) failing to assure that plaintiffs receive RP and/or DH and/or other services which could provide vocational and/or job training skills, social interaction, counseling, enhanced peer relationships, and improved mobility services and supports, among others.

Third Amended Complaint (Doc. # 107, 2-3). Plaintiffs seek injunctive relief under the Medicaid Act (Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*), 42 U.S.C. § 1983, and the Due Process Clause of the Fourteenth Amendment.

Plaintiffs seek to bring their claims in a class action. Plaintiffs seek to certify the following class:

> All Alabama residents with mental retardation who are eligible for Medicaid services under the ICF/MR program pursuant to 42 U.S.C. §1396a or a Home and Community Based Services waiver for the Mentally Retarded and Developmentally Disabled pursuant to 42 U.S.C. §1396n, who request services under these programs but (1) are denied the opportunity to apply for such services; (2) whose application under these programs is denied; or (3) are placed on a DMHMR waiting list for services under these programs.

Plaintiffs' Motion for Class Certification (Doc. # 87, 2-3).[1]

The issue of certifying a class of developmentally disabled individuals in a suit against state defendants was presented in *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000). In that case, the district court certified the following class:

> [A]ll persons with developmental disabilities who are presently receiving Home and Community-Based Waiver Services or who are eligible to receive Home and

---

[1] As an alternative to the certification of this class, Plaintiffs requested certification of yet unspecified subclasses. Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Class Certification (Doc. # 114, 7-10).

>Community-Based Waiver Services, or who would receive or be eligible for Home and Community-Based Waiver Services in the future.

*Id.* at 1270.  The Eleventh Circuit vacated the class certification order because it found the class to be overly broad.  *Id.* at 1280-81.  The court found that the class consisted of individuals with both substantive and procedural claims.  The substantive claims involved individuals who were deemed to be eligible for services, but who "challenged their approved services as inadequate, inappropriate, or untimely provided."  *Id.* at 1281.  This subgroup included individuals who claimed to be on "indefinite waiting lists."  *Id.*

The court found that there were two other subgroups that had procedural claims.  One subgroup consisted of persons who "applied for HCBW services but who have been denied such services without notice and opportunity for hearing."  *Id.*  Another subgroup were persons who "applied for HCBW services and still await an adjudication of their HCBW applications."  *Id.*

>The court found it appropriate to divide the certified class into subgroups because
>
>each group targets a different 'bad act' of Defendants whether it be a failure to provide approved services in a reasonably prompt manner, a claims denial, or a failure to adjudicate a claims application in a reasonably prompt manner.  Because these injury claims target different defendant conduct, the type of proof required for each claim necessarily will differ.

*Id*.  The advantage of dividing plaintiffs into subclasses was that members of each subclass would "occupy a similar eligibility status – that is, either approved, denied, or pending adjudication."  *Id.*

In this case, Plaintiffs' proposed class contains persons with both substantive and

3

procedural claims. The substantive claims involve the placing of individuals on a waiting list for services. The procedural claims involve the alleged denial of the opportunity to apply for services. Pursuant to the analysis in *Prado-Steiman*, the class definition that Plaintiffs propose is too broad, and Plaintiffs' claims would be better addressed by dividing the proposed class into subclasses, as Plaintiffs have proposed in their request for relief in the alternative.

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion for Class Certification (Doc. # 87) is DENIED.

(2) Plaintiffs are given leave to file an Amended Motion for Class Certification that proposes subclasses, with substantive and procedural claims occupying different subclasses. Plaintiffs shall file this Amended Motion, along with all appropriate supporting factual submissions and legal arguments by no later than September 19, 2007.

(3) Defendants may file a Response to Plaintiffs' Amended Motion no later than September 26, 2007.

(4) Plaintiffs may file a Reply to Defendants' Response no later than October 1, 2007.

DONE this the 12th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE