IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN J., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:00-cv-918-MEF |
| ) | |
| BOB RILEY, in his official capacity as ) | (WO) |
| Governor of the State of Alabama, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Today the Court finds itself near the end of a long and trying litigation. The parties to the instant action have, by Herculean effort and amicable cooperation, reached a settlement in this case. The non-confidential settlement agreement provides Plaintiffs with essentially everything they seek to gain from the claims that survived summary judgment. Other individuals who are not plaintiffs stand to benefit too. In particular, the settlement agreement provides for the Department of Mental Health and Mental Retardation to provide additional notices and procedures on a system-wide basis. The relief provided by the settlement will inure to the benefit of all present class members and will also benefit other persons who are not members of the subclasses. As an additional provision, the parties agreed that the previously certified subclasses should be decertified and that they would jointly stipulate to dismiss the case upon decertification of the subclasses by this Court. The need to decertify is motivated by a desire to avoid binding non-named class members by the judgment for purposes of issue and claim preclusion. The combination of system-wide relief

and decertification would have the effect of allowing the benefits of the settlement to reach all class members (and other persons who are not class members) without the otherwise attendant burdens of issue and claim preclusion. Accordingly, and after preliminary discussions with the Court on the matter, the parties jointly moved to decertify the two subclasses. (Doc. # 259).[1] The Court subsequently held a hearing where it exhaustively explored the pros and cons of decertification. (Doc. # 260.) Accordingly, this case is now before the Court on the Joint Motion for Decertification of Subclasses. For the reasons set forth below, the Court finds that the Motion is due to be GRANTED.

Questions concerning class certification are rightly left to the sound discretion of the district court. *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1566 (11th Cir. 1996). By implication, this Court has discretion to decertify the subclasses pursuant to Fed. R. Civ. P. 23(c)(1)(C). *See Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 346 (S.D. Ga. 1996) ("options such as decertification or revised certification are always available to the district court."). The Court has carefully considered the text of the settlement agreement, which the parties submitted for its review. The Court has also drawn on its deep well of institutional knowledge about this litigation and considered the costs and benefits of decertification. Counsel for the parties have worked hard to guard the interests of the named plaintiffs, class members, and even non-class members. The Court has herd their arguments and is satisfied that decertification is in the best interests of the named plaintiffs and other

---

[1] Defendants John M. Houston and Bob Riley later moved to join the Motion. (Doc # 261.) This Motion was made simply to clarify the record, and the parties intended John M. Houston and Bob Riley to be movants from the outset.

class members, as decertification (together with the terms of the settlement agreement) results in all plaintiffs receiving the benefits of the settlement but only the named plaintiffs suffering its burdens. The Court also notes the incidental benefits to persons not party to this litigation. The Court has given great pause to this decision and is resolute about its rightness. Therefore, it is hereby

ORDERED that the Motion to Decertify Classes (Doc. # 259) is GRANTED.

It is further ORDERED that this decision is subject to the representation of the parties that they "will file a joint stipulation of dismissal upon entry of" this Order; failure to comply with this representation will result in prompt reconsideration of this Order.

Done this the 29th day of July, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE